IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND HOSLETT,

    Petitioner,                    No. 2:10-cv-0406 EFB P

    vs.

J. E. THOMAS, Warden,[1]

    Respondent.              <u>ORDER</u>

/

    Petitioner is a federal prisoner without counsel proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Petitioner seeks an order requiring respondent to classify him as exempt from the federal Inmate Financial Responsibility Program ("IFRP"), and to cease all collection activities under his IFRP payment contract. Respondent contends that this court lacks subject matter jurisdiction over the petition because petitioner has failed to exhaust his administrative remedies. Respondent also argues that petitioner's participation in the IFRP does not violate the constitution or federal law. Upon

---

[1] As discussed *infra*, J.E. Thomas, the Warden of the Federal Correctional Institution in Sheridan, Oregon is substituted as the respondent in place of Richard Ives, the Warden of the Federal Correctional Institution in Herlong, California.

1

careful consideration of the record and the applicable law, the court concludes that petitioner is not entitled to federal habeas relief. Accordingly, his petition will be denied.

**I.    Background**

Petitioner is currently serving a 180 month sentence for Possession of a Firearm by a Prohibited Person, an Armed Career Criminal, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (e)(1). Dckt. No. 15-1 at 3. At the time he filed the instant petition, petitioner was incarcerated at the Federal Correctional Institution in Herlong, California (Herlong). Dckt. No. 1 at 1. Petitioner was subsequently transferred and is currently housed in the Federal Correctional Institution in Sheridan, Oregon (Sheridan). Traverse (Dckt. No. 19) at 1; Answer (Dckt. No. 15) at 2.

Petitioner's current sentence does not include an order to pay restitution. However, in 1991 petitioner was convicted in the Central District of California on charges of bank robbery and attempted robbery of a Savings and Loan, in violation of 18 U.S.C. § 2113(a). Dckt. No. 15-1 at 13. Pursuant to that conviction, petitioner was ordered to pay restitution to Bank of America in the amount of $568.00, to American Commercial Bank in the amount of $1,933.00, and to Home Savings of America in the amount of $215.00, for a total restitution amount of $2,716.00. The 1991 judgment does not set a schedule of payment, but provides that "the defendant shall pay any restitution imposed by this judgment and that remains unpaid at the commencement of the term of community supervision, as directed by the Probation Officer." *Id.* at 14. The 1991 judgment further provides that all fines are waived, "as it is found that the defendant does not have the ability to pay." *Id.* After petitioner came into custody, he executed seven voluntary agreements to participate in the IFRP in order to contribute to his 1991 court-ordered restitution. *Id.* at 17-35. As of June 11, 2010, petitioner had an outstanding balance on his restitution account of $1,201.22. *Id.* at 40-41.

Petitioner filed this federal habeas petition on February 17, 2010. Therein, petitioner argues that, under the circumstances of this case, the United States Bureau of Prisons ("BOP")

2

does not have the legal authority to collect his financial obligations under the IFRP. Respondent filed an answer to the petition on September 20, 2010. Petitioner filed a traverse on January 18, 2011.

**II. Analysis**

    **A. Standards of Review Applicable to Habeas Corpus Claims Under § 2241**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his underlying conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. On the other hand, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *see also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).

    **B. Proper Respondent**

Previously named as respondent was Richard Ives, the Warden of Herlong. However, as explained above, petitioner is now housed in Sheridan. Although respondent waives any objection to the court's jurisdiction over this matter on this basis, petitioner states that he "does not waive this fact of law, of who has current custodianship and/or jurisdiction at this time." Dckt. No. 19 at 2. Accordingly, the court now substitutes in the correct respondent, the Warden of Sheridan, where petitioner is presently incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (in a habeas challenge, "the proper respondent is the warden of the facility where the prisoner is being held. . . "); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (stating, in a habeas corpus action pursuant to 28 U.S.C. § 2241, "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

////

3

### C.  Venue

Pursuant to 28 U.S.C. § 2241(d), venue in a habeas corpus action requires that the petition be brought in the district court where the petitioner is confined or in the district where he was convicted and sentenced.  Venue was proper in the Eastern District of California when this action was filed because petitioner was incarcerated at FCI Herlong.  Although petitioner has since been transferred to FCI Sheridan, which is in the District of Oregon, this court may continue to exercise jurisdiction over this action.  *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change'") (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *accord Smith v. Campbell*, 450 F.2d 829, 834 (9th Cir. 1971) ("We hold that by reason of the fact that the petitioner and his custodian, his immediate commanding officer, were within the territorial jurisdiction of the district court at the time the petition for writ of habeas corpus was filed, the district court had jurisdiction to determine the merits of the litigation . . . subsequent involuntary removal of the petitioner from the district does not defeat that jurisdiction when those having present custody of the petitioner are subject to the process of the court").

### D.  Exhaustion

Respondent argues that the pending petition should be dismissed due to petitioner's failure to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act (PLRA) with respect to the claim contained therein.  Doc. No. 15 at 5-8.  Petitioner acknowledges that he has not exhausted his administrative remedies with respect to his challenge to the IFRP. Dckt. No. 1 at 4.  However, he asserts that any attempt to resolve his claim through the administrative appeal process would be futile because "the BOP . . . consistently invokes the authority to set a restitution payment schedule[s], and employs active retaliatory approach, i.e., placement on IFRP refusal status to any and every inmate who challenges respondent's asserted authority under the administrative remedy process."  *Id.*

The duty to exhaust administrative remedies in the context of a § 2241 petition for a writ of habeas corpus does not arise out of the PLRA, but is a judicially-created duty. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds* by *Reno v. Koray*, 515 U.S. 50, 54-55 (1995); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983)  Although not specifically required by statute, "as a prudential matter" federal prisoners must exhaust available judicial and administrative remedies prior to the filing of a petition seeking relief pursuant to § 2241. *Ward v. Chavez*, 678 F.3d 1042, *2 (9th Cir. 2012). *See also Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (generally, before filing a motion pursuant to § 2241 in federal court, a federal inmate must exhaust administrative remedies within the prison system). Under the exhaustion doctrine, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). The Ninth Circuit has explained the purposes served by this exhaustion requirement as follows:

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert form; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of an administrative proceeding.

*Ruviwat,* 701 F.2d at 845.

The exhaustion requirement is subject to waiver in § 2241 cases because it is not a jurisdictional prerequisite. *Ward*, 678 F.3d at *2. Thus, if a petitioner has not properly exhausted his claims, the district court in its discretion may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown*, 895 F.2d at 535. Exhaustion is not required if: "(1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be

5

inadequate to prevent irreparable injury." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (decided in the context of a *Bivens* action). Exhaustion is futile where the BOP can be demonstrated to have adopted a "clear and inflexible policy" regarding the disputed issue that ensures a negative response to any complaint or appeal that a prisoner may file within the prison system. *See, e.g., Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (waiving exhaustion where the initial request for an administrative remedy was denied based on official BOP policy and further appeal would almost certainly have been denied based upon the same policy); *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 578 (N.D. W.Va. 2007) (citing *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004) (waiving the exhaustion requirement where a petitioner's appeals would have been futile because the BOP had adopted a "clear and inflexible" policy based upon a systematic interpretation of the statute that the petitioner's appeal implicated). Exhaustion may also be excused if the agency "has predetermined the issue before it." *Navarro v. Smith*, No. 1:07-cv-00342-OWW-TAG HC, 2007 WL 1764949, at *3 (E.D. Cal. June 19, 2007) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), *superceded on other grounds* by 42 U.S.C. § 1997(e)). *See also Laing*, 370 F.3d at 1000 -1001 (exhaustion of administrative remedies may not be required when available remedies provide no genuine opportunity for adequate relief or administrative appeal would be futile). Generally, the burden falls upon the party seeking to bypass exhaustion to show that exhaustion of administrative remedies would be futile. *See, e.g., Coleman v. Newburgh Enlarged City Sch. Dist.*, 319 F. Supp. 2d 446, 450 (S.D.N.Y. 2004) ("The burden of demonstrating futility rests with the party seeking to avoid the exhaustion requirement."); *Ramirez v. Copenhaven*, No. C 07-4461 RMW (PR), 2008 WL 1885757, at *1 (N.D. Cal. Apr.21, 2008); *Reyna v. Copenhager*, No. C 07-4270 MMC (PR), 2007 WL 2504983, at *2 (N.D. Cal. Aug.31, 2007).

    Here, the court exercises its discretion to excuse petitioner's failure to exhaust his administrative remedies prior to filing his § 2241 petition. The court finds that exhaustion would be futile because petitioner's claim that the IFRP is unlawful would almost certainly be rejected.

*See Mujahid v. Crabtree*, 999 F. Supp. 1398, 1402 (D. Or. 1998) (exhaustion of administrative remedies with regard to challenge to IFRP payments futile because "the petition raises only issues of law upon which respondent has already articulated its position") *Whitmore v. Ives*, No. CIV S-09-1526 DAD P, 2011 WL 6032395 (E.D. Cal. Dec. 5, 2011) (finding exhaustion of claims challenging an increase in IFRP payments to be "futile because the claims in all likelihood would have been rejected."); *Maqueira v. Adler*, No. 1:08-cv-01167-DLB (HC), 2009 WL 80355 at *2 (E.D. Cal. Jan. 13, 2009) (same). Accordingly, the court addresses the merits of the claim presented in the pending petition.

### E. Petitioner's Claim for Relief

Petitioner's sole claim for federal habeas corpus relief is that "without lawful authority to do so, Respondent has fixed, and now forces petitioner to pay, half of his earnings from unicor monthly through the Inmate Financial Responsibility Program." Dckt. No. 1 at 3.[2] Citing *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), petitioner argues that only the court imposing sentence has the authority to "fix a restitution," and that the court "may not delegate that responsibility to any other party, agency or entity." *Id.* In essence, petitioner is arguing that the court which sentenced him in connection with his 1991 robbery conviction erred in failing to set a schedule of restitution payments, and that the BOP therefore lacks the authority to force petitioner to pay restitution from his prison earnings. Petitioner requests that respondent "cease and desist all IFRP collection" and "place petitioner on IFRP-Exempt status." *Id.* at 4.

The IFRP is a voluntary BOP program that "applies to nearly all post-trial inmates in federal facilities," *Lemoine*, 546 F.3d at 1046, and "encourages each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The program provides for development of a financial plan that allows inmates to pay certain enumerated obligations,

---

[2] UNICOR is the trade name of Federal Prison Industries, Inc., a statutorily-created government corporation that provides employment and job training to inmates confined in federal institutions. *United States v. Lemoine*, 546 F.3d 1042, 1047 n.3 (9th Cir. 2008).

7

including court-ordered assessments, restitutions, and fines." *Geiger v. Federal Bureau of Prisons*, 487 F. Supp. 2d 1155, 1158 (C.D. Cal. 2007) (quoting *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 548 (9th Cir. 1998)). Under the IFRP program the prison staff develops a financial plan for each inmate and monitors the inmate's progress. *Lemoine*, 546 F.3d at 1047. "An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." *Id.* These consequences include not receiving certain benefits, such as furlough, pay beyond the maintenance pay level, assigned work detail outside the prison, a higher commissary spending limit, placement in a community-based program, or a release gratuity. 28 C.F.R. § 545.11(d); *see also Lemoine*, 546 F.3d at 1047, 1049.

In *Gunning*, the Ninth Circuit set aside a sentence in which the sentencing court imposed a restitution order providing that restitution was "payable immediately," but that "during the time of the petitioner's imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program (IFRP)." 401 F.3d at 1147. The Ninth Circuit found that a sentence imposed in this manner was an improper delegation to the BOP of the court's responsibility to set the schedule for payment of restitution, as required by the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A. The court specifically noted that the MVRA charges the trial court with fixing the terms of restitution and that this responsibility is non-delegable. *Id.* at 1149. More recently, in *Ward*, the Ninth Circuit held that when a sentencing court orders restitution and indicates only that the restitution is to be paid "immediately," the order constitutes an unauthorized delegation under the MVRA of the court's power to establish a repayment schedule. 678 F.3d at *3–4. However, as explained below, because petitioner committed the robbery underlying his own restitution order prior to the enactment of the MVRA, the decision in *Gunning* does not control the outcome of this case.

As respondent points out, petitioner's restitution order was issued prior to the passage of the MVRA. At the time of petitioner's 1991 conviction, the Victim and Witness Protection Act

8

of 1982 (VWPA) was the only federal statute that allowed for a restitution order. *United States v. DeSalvo*, 41 F.3d 505, 511 n.2 (9th Cir. 1994). The VWPA, unlike MVRA, "did not expressly state that the court must set the terms of repayment in the restitution order." *United States v. Prouty*, 303 F.3d 1249, 1254 n. 3 (11th Cir. 2002). Therefore, under the VWPA, it was permissible for a sentencing court to delegate the "timing and manner" of restitution payments. *United States v. Barany*, 884 F.2d 1255, 1260 (9th Cir. 1989) (while the sentencing court must determine the restitution amount, it may delegate the timing and manner of payment to the probation officer). *See also United States v. Signori*, 844 F.2d 635, 642 (9th Cir. 1988) (same); *Geiger* 487 F. Supp. 2d at 1160-61 (rejecting the petitioner's claim that the IFRP usurps the responsibility of the district court to set a payment schedule for paying restitution imposed under the VWPA.) Accordingly, petitioner's claim that the BOP is unlawfully collecting restitution payments pursuant to the IFRP because the court which sentenced him on the 1991 robbery improperly delegated to the probation office the power to determine the timing or amount of those payments is without merit and must be denied.

In the traverse, petitioner states that he completed his sentence on his 1991 robbery conviction in 2003, and he argues that the BOP may not collect restitution on that conviction because it has been "discharged." Dckt. No. 19 at 3, 5. In support of this argument, petitioner has filed an October 28, 2005 Presentence Investigation Report prepared by the United States Probation Office, which states that petitioner "discharged" the sentence he was serving on the 1991 robbery on April 16, 2003. *Id.* at 12. Petitioner also argues that pursuant to "Local Rules" of the United States District Court for the Central District of California, the government may not continue to collect restitution payments on a criminal conviction for more than 20 years after the date of the conviction. *Id.* at 6. Petitioner provides evidence that he filed a complaint with his Correctional Counselor in which he alleged that the BOP was unlawfully "forcing" him to pay restitution on a discharged case. *Id.* at 14. In responding to that complaint, petitioner was informed by the "Unit Manager" that:

> per the United States District Court Clerks office, the balance on the restitution is collectable up until 20 years from the date of sentencing (11/27/91). At that time the obligation will become expired and collection no longer required. The remaining balance will become a civil matter.

*Id.*

As noted above, participation in the IFRP is voluntary. Petitioner is apparently claiming that his voluntary participation in the IFRP after his restitution obligation "expired" was coerced because he would be rendered ineligible for certain privileges in prison if he declined to participate. The court rejects this argument. As in other cases challenging the IFRP, the petitioner here "simply seeks to continue his current employment at the prison without making payments toward his outstanding fine obligation." *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998). Petitioner "has not presented a meritorious constitutional claim that prisons may not maintain work programs that require inmates to pay court-imposed fines or restitution." *Id.*

"The benefits and consequences of participation in the [IFRP] program are considered a persuasive rewards program to those inmates who chose to participate in the repayment of their debt to the victims and society." *Magueira*, 2009 WL 80355, at *3. "Although refusal to participate in the IFRP results in the forfeiture of certain benefits and potential consequences, inmates . . . do not have an [sic] pre-existing or absolute right to receive such benefits or to be free from the consequences associated with participation in the IFRP." *Id*. (citing *Lemoine*, 546 F.3d at 1049). "The use of incentives to encourage compliance in a rehabilitative program does not render it unconstitutional or unlawful." *Lemoine*, 546 F.3d at 1049 (quoting *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality)). Thus, "an inmate is free to decline to participate in the IFRP" even though "the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences" as set forth in 28 C.F.R. § 545.11(d). *Id.* at 1047. Furthermore, the consequences the BOP imposes on those inmates who decline to participate in the IFRP are "reasonably related to the legitimate penological interest of

rehabilitation." 546 F.3d at 1048. *See also Maqueira*, 2009 WL 80355, at *3 (the fact that an inmate will suffer consequences for failure to participate in the IFRP does not render the program involuntary and/or unconstitutional, since the consequences in question relate to the legitimate penological interest of rehabilitation). Nor do the consequences that accompany a federal prisoner's decision to decline to participate in the IFRP violate petitioner's right to due process. This is because those consequences do not constitute such an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that they implicate a liberty interest. *Lemoine*, 546 F.3d at 1050 (quoting *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995)).

Finally, petitioner is entitled to relief on any possible claim of sentencing error only if the alleged error is not harmless. *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *Washington v. Recuenco*, 548 U.S. 212, 219 (2006) (holding that sentencing errors are subject to harmless error analysis). Even if it were the case that the sentence imposed in 1991, which included imposition of restitution payments, is somehow deficient based upon the sentencing court's failure to detail a restitution payment schedule, petitioner is not entitled to relief under 28 U.S.C. § 2241 because he has not suffered any harm as a result of the alleged sentencing error. If petitioner wishes to do so, he may stop making restitution payments by withdrawing from the IFRP program. The same is true of petitioner's argument that he should not be making payments under the IFRP program because it has been more than 20 years since his 1991 conviction.

**III. Conclusion**

Accordingly, for all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied and the Clerk is directed to close the case.

DATED: September 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE